## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

KIERA ROBINSON,
50 West Broad Street,
Columbus, Ohio 43215,

     Plaintiff,

v.

SMARTTHINGS,
665 Clyde Avenue,
Suite 304,
Mountain View, California 94043,

and

SAMSUNG ELECTRONICS
AMERICA, INC.
700 Sylvan Avenue
Englewood Cliffs, NJ 07632

     Defendant.

                    :    Case No.

                    :    Judge

                    :    **JURY DEMAND ENDORSED HEREON**

## COMPLAINT

## INTRODUCTION

In the pursuit of a fair and equitable workplace, Kiera Robinson, an African-American software engineer, upheld her commitment to excellence at Defendant SmartThings, consistently receiving high performance reviews and financial bonuses. Despite her proven capabilities and dedication, Ms. Robinson was subjected to a pattern of discriminatory treatment that starkly contrasted with her white colleagues, solely based on her race. Her manager, Zachary Varberg, and other senior staff, including HR head Julie Ann Wrobel, not only ignored her grievances but exacerbated the situation by unjustly criticizing her performance and ultimately terminating her employment. This lawsuit seeks

1

to hold SmartThings accountable for their repeated and conscious disregard of Ms. Robinson's rights under the law, highlighting a troubling disregard for equality and justice within the company.

## PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant SmarThings is, upon information and belief, a wholly-owned subsidiary of Defendant Samsung Electronics America, Inc. with its principal place of business in Mountain View, California.

3. Defendant Samsung Electronics America, Inc. is, upon information a New York corporation with its principal place of business in Englewood Cliffs, New Jersey and is the parent company pf SmartThings.

4. At all relevant times, SmartThings employed four or more employees within the state of Ohio.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because the amount in controversy exceeds $15,000.

6. Venue is proper in this Court because the Defendants can be found in Franklin County and also because the acts and occurrence described herein took place in Franklin County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC"), as required by R.C. 4112.

8. On or about September 24, 2025, the EEOC notified Plaintiff that it had issued her a Notice of Right to Sue. (*See* Exhibit 1).

9.      Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff, Kiera Robinson, an African-American woman, commenced employment with Defendant, SmartThings, as a Software Engineer on March 31, 2022, working remotely.

11.     In April 2023, Plaintiff was transferred to a new team within SmartThings, managed by Zachary Varberg.

12.     At this time, Plaintiff was the only Black employee on a team otherwise composed entirely of white employees.

13.     Throughout Plaintiff's tenure under manager Varberg, she was subjected to differential treatment compared to her white colleagues.

14.     This included abrasive communication and dismissive remarks regarding her contributions, specifically statements implying that her "opinion doesn't matter or matters the least."

15.     Despite the hostile work environment, Plaintiff received positive performance reviews with scores of 90% in July 2023 and February 2024, each accompanied by financial bonuses.

16.     Between early to mid-2024, Plaintiff's work progress was consistently obstructed by a higher-level coworker, Doug Stephen.

17.     Varberg was aware of these obstructions but reacted with hostility towards Plaintiff while maintaining a favorable disposition towards Stephen.

3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Feb 04 1:08 PM-26CV001101

18. On July 2, 2024, Plaintiff received an unprofessionally toned message from Varberg, witnessed by Stephen, who agreed that the tone was inappropriate and confirmed the unequal treatment between him and Plaintiff.

19. Plaintiff raised concerns regarding the discriminatory treatment with Kianoosh Karami, a company Director, and Julie Ann Wrobel, the head of HR.

20. Both individuals dismissed Plaintiff's concerns, attributing them to misunderstandings or miscommunications, thereby exacerbating Plaintiff's distress.

21. On August 7, 2024, Plaintiff received a performance review with a notably lower score of 60%, containing criticisms that had not been previously communicated to her.

22. Plaintiff made multiple requests for a team transfer or other accommodations to alleviate the hostile work environment, citing declining mental health exacerbated by the workplace conditions.

23. These requests were consistently denied with varying justifications, including claims of "no open positions," a "hiring freeze," and "performance concerns" based on the disputed performance reviews.

24. In response to Plaintiff's requests for accommodation, the Company proposed a "mentorship" program, implying it was necessary due to Plaintiff's alleged performance deficiencies.

25. Wrobel suggested to Plaintiff that she should start looking for employment elsewhere as conditions under her current manager were unlikely to improve.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Feb 04 1:08 PM-26CV00-1101

26.     Following her formal complaint to the Equal Employment Opportunity Commission (EEOC), Plaintiff was terminated from SmartThings effective June 10, 2024, with the stated reason being performance issues.

## COUNT I
## RACE DISCRIMINATION UNDER R.C. 4112

27.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

28.     R.C. 4112.02 prohibits employment practices that discriminate against any person because of race.

29.     Plaintiff was an "employee" as that term is defined in R.C. 4112.

30.     Defendants are "employers" as that term is defined in R.C. 4112.

31.     Plaintiff is an African-American woman who was employed by Defendant, SmartThings, as a Software Engineer from March 31, 2022, until her termination on June 10, 2024.

32.     During her employment, Plaintiff was subjected to adverse employment actions that she believes were based on her race.

33.     Specifically, Plaintiff was the only Black employee on her team, which was otherwise composed entirely of white employees.

34.     This unique demographic situation placed Plaintiff in a vulnerable position regarding discriminatory practices.

35.     Plaintiff's direct supervisor, Zachary Varberg, and another high-level coworker, Doug Stephen, treated Plaintiff differently and less favorably than her White colleagues.

36. This treatment included abrasive and dismissive communication, as well as blocking Plaintiff's project progress which was crucial for her role and career advancement.

37. Despite consistently receiving positive performance reviews with scores of 90% and accompanying financial bonuses in July 2023 and February 2024, Plaintiff's performance review on August 7, 2024, suddenly dropped to 60%.

38. The criticisms in this review were unfounded and had never been communicated to Plaintiff prior to this review.

39. Plaintiff's requests for team transfers or other accommodations to escape the hostile work environment were repeatedly denied with shifting and inconsistent explanations, further evidencing the discriminatory intent based on her race.

40. After Plaintiff raised concerns about discrimination to Kianoosh Karami, the Director, and Julie Ann Wrobel, the HR head, no effective action was taken. Instead, Plaintiff was told to "look at what things look like outside of SmartThings," implying that she should seek employment elsewhere and that her situation under her current manager would not improve.

41. The actions of Defendant, as described above, constitute unlawful racial discrimination under R.C. 4112.02, as they were discriminatory actions based on Plaintiff's race, resulting in adverse employment actions including wrongful termination.

42. These allegations are made with the intent to demonstrate that Defendant engaged in employment practices that were discriminatory against Plaintiff on the basis of race, in violation of R.C. 4112.

6

## COUNT II
## RETALIATION R.C. CHAPTER 4112

43.    Plaintiff realleges and restates the facts and allegations above, as if fully rewritten herein.

44.    Plaintiff's complaints to Defendants' management regarding the race discrimination described herein are protected activity as that term is defined in R.C. 4112.

45.    On June 10, 2024, shortly after Plaintiff perfected her charge with the EEOC, which also constitutes protected speech, she was terminated from her position, allegedly due to performance issues. Plaintiff suffered an adverse employment action, i.e., termination, as a direct and proximate result of participating in that protected activity, and that termination is believed to be a retaliatory action linked to her complaints and charges of racial discrimination.

46.    As a result of Defendants' retaliation, Plaintiff suffered damages in an amount greater than $25,000, to be determined at trial.

WHEREFORE, Plaintiff respectfully prays this Court:

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

C. Enjoin Defendants from engaging in any further discriminatory practices;

D. Award Plaintiff actual damages in an amount to be determined at trial and with the appropriate multiplier;

E. Grant Plaintiff the maximum economic, non-economic, actual, statutory (pursuant to R.C. 4112), emotional, general, special, punitive, and other damages available;

7

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Feb 04 1:08 PM-26CV001101

F. Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation, as provided under R.C. 4112.08, which allows for the recovery of reasonable attorney's fees;

G. Award Plaintiff such other relief that the Court deems appropriate.

Respectfully submitted,

DEWITT LAW, LLC

/s/ Michael W. DeWitt
Michael W. DeWitt (0066896)
4182 Worth Avenue
Columbus, Ohio 43219
(614) 398-2886
(614) 750-1379 (facsimile)
mdewitt@dewittlawco.com
*Attorney for Plaintiff*

## JURY DEMAND:

Plaintiff hereby demands a jury on all matters triable to a jury.

/s/ Michael W. DeWitt
Michael W. DeWitt (0066896)

8

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/24/2025

**To:** Kiera Robinson
50 West Broad Street Apt 3304
Columbus, OH 43215

Charge No: 532-2025-01273

EEOC Representative:        Legal Unit
(267) 589-9707

**EXHIBIT**

**1**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2025-01273.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
09/24/2025

Karen McDonough
Acting Director

**Cc:**
Kathleen H. Bailey
Jackson Lewis, P.C.
201 East Fifth Street, 26th Floor PNC Center
Cincinnati, OH 45202

Michael DeWitt
DeWitt Law, LLC
4182 Worth Avenue
COLUMBUS, OH 43219

Please retain this Notice for your records.