**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KIERA ROBINSON, | ) | |
| | ) | Case No. 2:26-cv-00323-SDM-KAJ |
| Plaintiff, | ) | |
| | ) | Judge Sarah D. Morrison |
| v. | ) | |
| | ) | |
| SMARTTHINGS, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants SmartThings, Inc. ("SmartThings") and Samsung Electronics America, Inc. ("SEA") (collectively "Defendants"), by and through counsel, hereby move to dismiss Plaintiff Kiera Robinson's ("Plaintiff") Complaint in its entirety with prejudice. Plaintiff's Complaint consists of two claims under Ohio Revised Code Chapter 4112 – race discrimination and retaliation – that she alleges arise from her employment with Defendant SmartThings.

Plaintiff's Complaint, as stated against Defendant SEA, warrants dismissal because (1) she fails to allege any facts to demonstrate that SEA was her employer; (2) she fails to plead any allegations that SEA could be held liable for alleged acts by its subsidiary corporation SmartThings; and (3) she failed to exhaust her administrative remedies as to SEA. Likewise, Plaintiff's Complaint, as stated against Defendant SmartThings, warrants dismissal because (1) this Court does not have personal jurisdiction over SmartThings, and (2) SmartThings is not an "employer" as defined under Ohio Revised Code Section 4112.01.

Therefore, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice in its entirety.  Support for this Motion is set forth in the following Memorandum in Support, and a proposed order is attached for the Court's convenience.

Respectfully submitted,

*/s/ Kathleen H. Bailey*
Kathleen H. Bailey (0059660)
Patricia K. Gavigan (0081258)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH  45202
Main: (513) 898-0050
Fax: (513) 898-0051
kathleen.bailey@jacksonlewis.com
tricia.gavigan@jacksonlewis.com

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I.      **INTRODUCTION**

Plaintiff Kiera Robinson dual-filed two charges with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission: Charge No. 532-2025-01273 and Charge No. COLB1(018261)09222025).  In both charges, she identified only Defendant SmartThings as her employer and respondent to the charges.

Plaintiff, an Ohio resident, filed this action in Franklin County Court of Common Pleas, Ohio against Defendant SmartThings, Inc., a Delaware corporation headquartered in Mountain View, California, and its parent company, Defendant Samsung Electronics America, Inc., a New York corporation headquartered in Englewood Cliffs, New Jersey.  On March 17, 2026, Defendants removed this case to the United States District Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff alleges two claims against Defendants: race discrimination and retaliation, both under Ohio Revised Code Chapter 4112.  In her Complaint, Plaintiff alleges that these claims arose out of her employment with SmartThings.

Plaintiff's Complaint should be dismissed in its entirety against both Defendants.  With respect to Defendant SEA, Plaintiff's complaint fails to provide any factual allegations that would support treating SEA as her employer under Ohio Revised Code Chapter 4112.  Nor does Plaintiff allege any facts to suggest that SEA should be liable for any alleged acts by its subsidiary SmartThings.  Plaintiff also failed to exhaust her administrative remedies as to SEA because she did not name SEA as her employer or as respondent in either of her charges before the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission.

With respect to Defendant SmartThings, this Court does not have personal jurisdiction as to SmartThings, which does not have any employees or locations in Ohio.  Further, Plaintiff was

3

SmartThings' only employee located in Ohio, and therefore, SmartThings does not qualify as an "employer" as defined in Ohio Revised Code Chapter 4112. As Plaintiff's Complaint comprises of these two claims under Ohio Revised Code Chapter 4112 – race discrimination and retaliation – her Complaint fails in its entirety and should be dismissed.

## II. BACKGROUND

Plaintiff Kiera Robinson dual-filed two charges with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. *See* Exhibits A and B, attached to the Declaration of Julie Ann Wrobel (Wrobel Decl.), attached to this Motion as Exhibit 1. In both charges, she identified only Defendant SmartThings as her employer. (Wrobel Decl., Exh. A and B). The first charge, filed on July 9, 2025 (while Plaintiff was employed with SmartThings) is numbered Charge No. 532-2025-01273. (Wrobel Decl., Exh. A). The Notice of Right to Sue for this charge was issued by the EEOC on September 24, 2025. (Dkt. 2, Compl., Page ID #39). The second charge, filed on September 22, 2025 (after Plaintiff's employment was terminated), is numbered Charge No. COLB1(018261)09222025. (Wrobel Decl., Exh. B). This second Notice of Right to Sue was issued on March 12, 2026, after Plaintiff filed her Complaint in this action. (Wrobel Decl., Exh. C). As Plaintiff's Complaint expressly mentions her charge of discrimination with the Ohio Civil Rights Commission, which is required prior to filing a lawsuit, this Court may consider her charges for the purposes of this Rule 12(b)(6) motion. *See, e.g., Amini v. Oberlin College*, 259 F.3d 493, 502-503 (6th Cir. 2001) (district court erred in failing to consider plaintiff's charge, which was central to his discrimination claim, when deciding on defendant's motion to dismiss).

As stated in her Complaint, Plaintiff, Kiera Robinson, worked remotely for Defendant SmartThings. (Dkt. 2, Compl. ¶ 10) She makes no allegations that Defendant SEA employed her,

4

only that it is the parent company of SmartThings (Dkt. 2, Compl. ¶ 3). In her Complaint, Plaintiff alleges two claims: (1) race discrimination under Ohio Revised Code Chapter 4112 and (2) retaliation under Ohio Revised Code Chapter 4112. (*See generally*, Dkt. 2, Compl.) Defendants removed Plaintiff's lawsuit to this Court. (*See* Dkt. No. 1, Notice of Removal.)

## III. LAW AND ARGUMENT

### a. Legal Standard for Dismissal under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The complaint must be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *See e.g.*, *Stew Farm v. Natural Res. Conservation Serv.*, 967 F. Supp.2d 1164, 1169 (S.D. Ohio 2013).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true. *Begala v. PNC Bank*, 214 F.3d 776, 779 (6th Cir. 2000). To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth more than a "bare assertion of legal conclusions." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997). As the Sixth Circuit has explained: "In practice, a…complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.*, quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "Dismissal under Rule 12(b)(6) streamlines litigation by 'dispensing with needless discovery and fact-finding' on claims that are legally untenable in the first place." *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 456 F. Supp. 2d 904, 918 (S.D. Ohio 2006). Here, Plaintiff has failed to meet the legal standard to survive dismissal, and accordingly, Plaintiff's claims should be dismissed in their entirety.

### b.      All Claims Against Defendant SEA Must Be Dismissed.

Both of Plaintiff's claims against Defendant SEA should be dismissed for several independent and dispositive reasons.  First, Defendant SEA was not Plaintiff's employer, as is evident on the face of Plaintiff's Complaint.  Further, Plaintiff has failed to plead sufficient facts to justify holding Defendant SEA liable for the alleged acts of its subsidiary company, Defendant SmartThings.  Finally, Plaintiff has not exhausted her administrative remedies as to SEA, as SEA was not listed as employer or respondent in either of her charges dual-filed with the EEOC and OCRC.  Defendant SEA respectfully requests that this Court dismiss Plaintiff's claims.

### i.      SEA Was Not Plaintiff's Employer.

First, Defendant SEA did not employ Plaintiff.  It is plain on the face of Plaintiff's Complaint that Defendant SmartThings, and not Defendant SEA, was her employer:

- "This lawsuit seeks to hold SmartThings accountable…" (Dkt. 2, Compl. "Introduction").

- "Plaintiff, Kiera Robinson . . . commenced employment with Defendant, SmartThings…" (Dkt. 2, Compl., ¶ 10).

- "… Plaintiff was terminated from SmartThings …" (Dkt. 2, Compl., ¶ 26).

- "Plaintiff … was employed by Defendant, SmartThings…" (Dkt. 2, Compl., ¶ 31).

- "The actions of Defendant [singular form], as described above, constitute unlawful racial discrimination…" (Dkt. 2, Compl., ¶ 41).

While Plaintiff alleges that "Defendants are 'employers' as that term is defined in R.C. 4112," she makes no allegations that SEA was *her* employer.  (Dkt. 2, Compl., ¶ 30).  As Plaintiff's claims under Ohio Revised Code Chapter 4112 rely on an employment relationship, she cannot succeed on either of her claims against SEA.  *See Nelson v. Clermont County Veterans' Serv. Comm'n*,

2012 U.S. Dist. LEXIS 35230, at *16-17 (S.D. Ohio) (collecting cases where, pursuant to Rule 12(b)(6), courts dismissed defendants because they were not the plaintiff's employer and therefore could not be liable for employment discrimination or retaliation claims as a matter of law). In *Nelson*, the Court dismissed the plaintiff's complaint against one of the named defendants for failure to allege facts sufficient to show any employment relationship, where one of the named defendants "did not control the manner and means of plaintiff's work and was not her employer for purposes of… Ohio law." *Id.* at *21. Similarly, Plaintiff has not alleged any facts hinting at an employment relationship with Defendant SEA. *See, e.g.*, *Satterfield v. Tennessee*, 295 F.3d 611, 617 (6th Cir. 2002) (finding that "for the purposes of the ADA and other Civil Rights Acts, an employer/employee relationship is identified by considering: the entire relationship, with the most important factor being the employer's ability to control job performance and employment opportunities of the aggrieved individual.") Notably, SEA is not identified as Plaintiff's employer in either of her agency charges filed to bring the claims of discrimination and retaliation at issue in this action. (Wrobel Decl., Exh. A and B). Accordingly, Plaintiff fails to state a claim against Defendant SEA and her claims against Defendant SEA should be dismissed.

### ii. SEA Is Not Liable For Alleged Acts By Its Subsidiary SmartThings

Further, SEA is the parent corporation of SmartThings and is not liable for any acts by SmartThings. Simply put, a parent corporation is not liable for the acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). The exception to this rule, when a parent corporation can be liable for the acts of an subsidiary, is if: "(1) the separation between the parent and the subsidiary is fictitious; (2) the parent holds the subsidiary out as its agent; or (3) the parent exercises an undue degree of control over the subsidiary." *Strong v. U-Haul Co. of Mass.*, 2005

U.S. Dist. LEXIS 26503, at *18-19 (S.D. Ohio); see also *Transition Healthcare Assocs. v. Tri-State Health Investors, LLC*, 306 F. App'x. 273, 282 (6th Cir. 2009) (affirming summary judgment where plaintiff failed to present evidence sufficient to pierce the corporate veil, where plaintiff only presented some evidence of a management relationship between corporate entities); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724-726 (6th Cir. 2007) (affirming summary judgment where plaintiffs could not pierce the corporate veil).

Plaintiff has not plead any facts in her Complaint that remotely suggest that SEA could be liable for the acts of its subsidiary, SmartThings. Indeed, in Count I of Plaintiff's Complaint, Defendant SEA is merely referenced as an "employer" under R.C. 4112 in Paragraph 30 of the Complaint, but not specifically Plaintiff's employer, and in Paragraph 31 of the Complaint Plaintiff makes only singular references to "Defendant." (*See* Dkt. 2, Compl. ¶ 27-42). Count II of Plaintiff's Complaint references plural Defendants, but contains no allegations to support piercing the corporate veil between parent and subsidiary corporation. *See, e.g.*, *State Farm Mut. Auto. Ins. Co., v. Nat'l Gen. Ins. Co.*, 2017 U.S. Dist. LEXIS 220757 (W.D. Mich. Feb. 9, 2017) (dismissing claims against a sister subsidiary that was improperly named in the lawsuit but not the proper entity).

Even under liberal pleading standards and taking the allegations of the Complaint as true and construing them in Plaintiff's favor, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant SEA and therefore must be dismissed with prejudice pursuant to Rule 12(b)(6). *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) ("A 'dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice.").

### iii. Plaintiff has Not Exhausted Her Administrative Remedies as to SEA.

Alternatively, Plaintiff's claims against SEA must be dismissed for failure to exhaust her administrative remedies. Plaintiff has dual-filed two charges with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. (*See* Wrobel Decl. Exhibits A and B). In both of her charges, Plaintiff only named SmartThings, Inc. as her employer and respondent. Neither of her charges named SEA as employer or respondent. (*Id.*) Thus, SEA never had an opportunity to defend itself at the charge level.

"The defense of failure to exhaust administrative remedies may appropriately be resolved by motion to dismiss under Rule 12(b)(6)." *Johnson v. Speedway LLC*, 2025 U.S. Dist. LEXIS 11232, at \*6 (S.D. Ohio). In order to bring a claim under Ohio Revised Code Chapter 4112, Plaintiff must have filed a timely charge of discrimination and received a right to sue. *See* Ohio Rev. Code § 4112.052 (A)-(B). Only after a claimant has satisfied such administrative requirements and obtained a "right-to-sue" letter from the applicable agency can the claimant properly file a lawsuit in court alleging Ohio employment discrimination claims. See Ohio Rev. Code § 4112.052(B). "The procedures and remedies for unlawful discriminatory practices relating to employment [in Chapter 4112] are the sole and exclusive procedures and remedies available to a person who alleges such discrimination actionable under this chapter." Ohio Rev. Code § 4112.08(B).

Here, Plaintiff did not name Defendant SEA in either of her charges. The Southern District of Ohio has dismissed defendants in similar cases where plaintiffs did not name them as respondents in their discrimination charges. *Wilson v. Bridgewell Hospital/Evergreen*, 2014 U.S. Dist. LEXIS 178487, at \*9 (S.D. Ohio) (dismissing Title VII claims against alleged owners of

9

hospital employer because plaintiff named only hospital employer in her charge and therefore failed to exhaust administrative remedies); *see also Knafel v. Pepsi-Cola Bottlers, Inc.*, 899 F.2d 1473, 1481 (6th Cir. 1990) ("a party must be *named* in the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge" and finding that subsidiary and parent relationship insufficient to show clear identity of interest). Likewise, Plaintiff did not name Defendant SEA in either of her charges; therefore, she has not exhausted administrative remedies as to SEA and her Complaint should be dismissed. Furthermore Plaintiff has failed to allege any facts even suggesting that Defendants SEA and SmartThings share a clear identity of interest and are not two distinct entities with different business operations. Accordingly, naming SmartThings in the charges does not suffice to name SEA. For any and all of the above reasons, dismissal of Defendant SEA is warranted with regard to Plaintiff's Complaint in its entirety.

### c. All Claims Brought by Plaintiff Against Defendant SmartThings Must Be Dismissed.

Plaintiff's Complaint should be dismissed in its entirety as to Defendant SmartThings for several reasons: (1) this Court does not have personal jurisdiction over SmartThings; and (2) SmartThings is not an "employer" as defined in Ohio Revised Code Chapter 4112. For each of these reasons, Defendant SmartThings respectfully requests this Court to dismiss Plaintiff's Complaint in its entirety.

### i. This Court Does Not Have Jurisdiction Over SmartThings.

This matter should be dismissed as to Defendant SmartThings, as this Court lacks personal jurisdiction. Under 28 U.S.C. § 1441(f), "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

10

Therefore, after accepting the removal of this action for diversity of citizenship, this Court may dismiss Plaintiff's claims for lack of jurisdiction.

Under Federal Rule of Civil Procedure 12(b)(2), a party must assert lack of personal jurisdiction in a motion before pleading. "When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing that personal jurisdiction over the defendant exists." *Marcellino v. Sears, Roebuck & Co..* 2012 U.S. Dist. LEXIS 91239, at *13 (N.D. Ohio) (citations omitted). The burden is on the plaintiff to show that the nonresident defendant's conduct falls within Ohio's long-arm statute and that a court's exercise of jurisdiction comports with the requirements of due process. *Id.* at 14. The court may consider matters outside of the pleading without converting the motion to dismiss into a motion for summary judgment, when considering a motion to dismiss for lack of personal jurisdiction. *Id.* at 13.

In her Complaint, Plaintiff's only allegations as to jurisdiction and venue can be found in Paragraphs 5 and 6, with a bald, boilerplate assertion that "Defendants can be found in Franklin County" and "the acts and occurrence described herein took place in Franklin County." (Dkt. 2, Compl. ¶ 5-6). While Plaintiff acknowledges that she "work[ed] remotely" (Dkt. 2, Compl. ¶ 9), she provides no details regarding where any of the alleged acts occurred.

A court disposing of a Rule 12(b)(2) motion does not weigh controverting assertions of the party seeking dismissal but may consider a defendant's undisputed factual assertions. *NTCH-West Tenn, Inc. v. ZTE Corp.*, 761 F. App'x 485, 488 (6th Cir. 2019). The following facts are missing from Plaintiff's Complaint but are undisputed and therefore may be considered:

- SmartThings is a foreign corporation organized under the laws of the state of Delaware, with its corporate headquarters located in California. (Dkt. 1-2, Wrobel Decl. ¶ 3).

11

- SmartThings does not operate any physical locations in Ohio. (Wrobel Decl. ¶ 4).

- At the time of Plaintiff's employment, Plaintiff was the only SmartThings employee located in Ohio. (Wrobel Decl. ¶ 4).

- Plaintiff worked for SmartThings remotely, from her home in Franklin County. (Wrobel Decl. ¶ 3).

- Her supervisor, Zachary Varberg, who works for SmartThings, is located in Minneapolis, Minnesota. (Wrobel Decl. ¶ 5).

- Julie Ann Wrobel, Head of People at SmartThings, works in Minneapolis, Minnesota. (Wrobel Decl. ¶ 6).

- Since the termination of Plaintiff's employment, SmartThings has no employees, remote or otherwise, located in Ohio. (Wrobel Decl. ¶ 4).

Ohio's long-arm statute provides that a court may only exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's specific connections to Ohio as enumerated in the statute. O.R.C. § 2307.382. Plaintiff has not alleged any specific conduct that would confer jurisdiction under Ohio's long-arm statute. *See Carpenter v. Southern Airways Express*, 2021 U.S. Dist. LEXIS 240151, at *8 (S.D. Ohio) (granting motion to dismiss where remote employee failed to show out-of-state employer transacted business in Ohio). In *Carpenter*, the plaintiff was a remote employee who worked from her home in Ohio; one of the defendants was her former employer, a Delaware LLC with a principal place of business in Florida. *Id.* at *1-2. The former employer did not operate any physical locations in Ohio and the plaintiff worked from her home in Ohio. *Id.* All of her contacts and interactions with her co-workers and employer were virtual, by email or phone. *Id.* at *2-3. On these facts, the Southern District examined whether Ohio's long-arm statute, O.R.C. § 2307.382, granted personal

jurisdiction. *Id.* at *5-6. The Court found that plaintiff failed to show that the defendant employer "transacted business" in Ohio, and therefore, the Court did not have personal jurisdiction over the defendant employer. *Id.* at *5-8. In its opinion, the Court found that the plaintiff did not allege that her employer "exerted any control or expressed any preference over the location from which she worked - she could have been in Alabama, Alaska, Arizona, or Arkansas as easily as in Ohio." *Id.* at *8.

Likewise, Plaintiff was a remote employee who worked from her residence in Ohio. (Wrobel Decl., ¶ 3; Dkt. 2, Compl., ¶ 1, 10). Defendant SmartThings is a Delaware corporation with headquarters in California. (Dkt. 1-2, Wrobel Decl. ¶ 3). Defendant SmartThings has no locations in Ohio. (Wrobel Decl. ¶ 4). This is further underlined by Plaintiff's charges: Plaintiff's first charge lists her own home address as SmartThings' address (Exh. A) and her second charge lists SmartThings' California headquarters (Exh. B). Like the plaintiff in *Carpenter*, Plaintiff could have worked from any state in the country. Her work as the only remote employee in Ohio is insufficient to satisfy Ohio's long-arm statute. Therefore, Defendant SmartThings respectfully requests that this Court dismiss Plaintiff's complaint for lack of personal jurisdiction.

**ii.  Defendant SmartThings is Not an "Employer" under Ohio Revised Code Chapter 4112.**

Ohio Revised Code § 4112.02 states that it is unlawful for "any *employer*, because of the race… of any person, to discharge without just cause… or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." (Emphasis added). An "employer" is defined as "employing four or more persons *within the state*." O.R.C. 4112.01(A)(2) (emphasis added). This Court has found that "it is apparent that the legislature meant that the employer must have at least

13

four employees at the time the discrimination occurred." *Dudley v. Stonecroft Ministries, Inc.*, 142 F.Supp.3d 653, 660 (S.D. Ohio) (granting summary judgment on state law discrimination claims where plaintiff was only employee stationed in Ohio at the time of the alleged discrimination). Here, at the time of her employment, Plaintiff was the only SmartThings employee located in Ohio. (Wrobel Decl. ¶ 4). Since the termination of Plaintiff's employment, SmartThings has no employees, remote or otherwise, located in Ohio. (Wrobel Decl. ¶ 4). Accordingly, SmartThings is not an "employer" for purposes of Ohio Revised Code Chapter 4112.

Dismissal of Plaintiff's claims under Ohio Revised Code Chapter 4112 is appropriate. In the alternative, summary judgment is appropriate. *See, e.g., Stewart Coach Indus., Inc. v. Moore*, 512 F.Supp. 879, 883 (S.D. Ohio 1981) (a motion to dismiss for failure to state a claim can be converted to a summary judgment motion and be decided upon matters outside the pleadings).

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice in its entirety pursuant to Rules 12(b)(2) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Kathleen H. Bailey*
Kathleen H. Bailey (0059660)
Patricia K. Gavigan (0081258)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH  45202
Main: (513) 898-0050
Fax: (513) 898-0051
kathleen.bailey@jacksonlewis.com
tricia.gavigan@jacksonlewis.com

*Counsel for Defendants*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of March, 2026, a true and accurate copy of the foregoing Motion to Dismiss was filed with the United States District Court for the Southern District of Ohio via the Court's CM/ECF system, which will send electronic notification of such filing to the following:

Michael W. DeWitt
DeWitt Law, LLC
4182 Worth Avenue
Columbus, OH 43219
mdewitt@dewittlawco.com

*Attorney for Plaintiff*

*/s/ Kathleen H. Bailey*
Kathleen H. Bailey

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KIERA ROBINSON, | ) | |
| | ) | Case No. 2:26-cv-00323-SDM-KAJ |
| Plaintiff, | ) | |
| | ) | Judge Sarah D. Morrison |
| v. | ) | |
| | ) | |
| SMARTTHINGS, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants SmartThings, Inc. and Samsung Electronics America, Inc.'s Motion to Dismiss.  After considering the parties' arguments and being fully informed, Defendants' motion is GRANTED.

Plaintiff's Complaint is dismissed, with prejudice.

SO ORDERED.

_____
Judge Sarah D. Morrison

4921-3014-4153, v. 1

16