UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIERA ROBINSON,

               Plaintiff,

     v.

SMARTTHINGS, INC., *et al.*,

               Defendants.

:

:

:

Case No. 2:26-cv-323
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

OPINION AND ORDER

Kiera Robinson asserts two state-law claims against SmartThings, Inc. and Samsung Electronics America, Inc. SmartThings moved to dismiss for lack of personal jurisdiction, and both Defendants moved to dismiss for failure to state a claim. (Mot., ECF No. 4.) Ms. Robinson did not respond, and her deadline has passed; the Motion is now ripe for the Court's review.

I.    BACKGROUND[1]

SmartThings hired Ms. Robinson as a remote employee in March 2022. (Compl., ¶ 10, ECF No. 2.) In April 2023, she was transferred to a new team where she was the only Black employee. (*Id.*, ¶¶ 11–12.) She was then subjected to differential treatment, including abrasive comments and dismissive remarks. (*Id.*,

---

[1] At this stage in the litigation, all well-pleaded factual allegations in the Complaint are taken as true. *See Bullington v. Bedford Cty.*, 905 F.3d 467, 469 (6th Cir. 2018). The following summary draws from the allegations in the Complaint and any documents integral to it.

¶¶ 13–14.) Even so, she received positive performance reviews and financial bonuses. (*Id.*, ¶ 15.)

Ms. Robinson's work environment did not improve, and in early to mid-2024, she experienced issues with a higher-level coworker. (*Id.*, ¶ 17.) She reported her concerns to human resources to no avail. (*Id.*, ¶¶ 19–20.) In August 2024, Ms. Robinson received a significantly lower performance review containing criticisms that had not been previously communicated to her. (*Id.*, ¶ 21.) She made multiple requests for a team transfer or other accommodations to alleviate her concerns regarding a hostile work environment. (*Id.*, ¶ 22.) But SmartThings denied her requests and instead recommended a "mentorship" program to address her alleged performance deficiencies. (*Id.*, ¶¶ 23–24.)

Ms. Robinson was encouraged to find new employment, and she filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*, ¶¶ 25–26.) SmartThings later terminated her in June 2024 for "performance issues." (*Id.*, ¶ 26.)

## II.    MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

SmartThings argues both claims against it should be dismissed because this Court lacks personal jurisdiction over it.[2] (Mot., PAGEID # 51.)

---

[2] Because the Court does not have personal jurisdiction over SmartThings, it does not address SmartThings's arguments for dismissal based on failure to state a claim.

### A.      Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of a lawsuit when a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If a court rules on a Rule 12(b)(2) motion before trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (citation omitted). "[T]he decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006) (citation omitted). The Court concludes that neither discovery nor an evidentiary hearing are necessary.

When a court resolves a Rule 12(b)(2) motion based on "written submissions and affidavits …, rather than resolving the motion after an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen*, 935 F.2d at 1458). A plaintiff can meet its burden by "establishing with reasonable particularity sufficient contacts between [the

defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal quotation and citation omitted).

### B. Analysis

"When sitting in diversity, a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 660 (6th Cir. 2023) (citing *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021)). Here, "two factors must be satisfied: the forum state long-arm statute, and constitutional due process." *Id.* at 660–61 (citing *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012)). Because Ms. Robinson has not shown that personal jurisdiction is proper under Ohio's long-arm statute, the Court does not address the Due Process Clause of the Fourteenth Amendment.

### 1. Ohio's Long-Arm Statute

There are two types of personal jurisdiction—general and specific—which are recognized under Ohio's long-arm statute and are adequate to confer jurisdiction over a defendant. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Since its amendment in 2021, Ohio's long-arm statute provides for general jurisdiction. *See* Ohio Rev. Code § 2307.382(c); *see also Privott v. Revco Sols., Inc.*, No. 2:24-cv-413, 2024 WL 5170123, at *2 (S.D. Ohio Dec. 19, 2024) (Morrison, J.). "If a court has general jurisdiction over a defendant, it can adjudicate any claims involving that defendant, regardless of where the cause of action arose." *Maclin v.*

*Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018). For a corporation, "the place of incorporation and principal place of business are 'paradig[m] … bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). General jurisdiction might also exist where a corporation's "affiliations with [a] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 127 (citation omitted). Ms. Robinson has not alleged that SmartThings is an Ohio corporation or that its principal place of business is in Ohio. Nor has she suggested that its Ohio operations (if any) are continuous and systematic. So the Court lacks general jurisdiction over SmartThings.

Turning to specific jurisdiction, Ohio's long-arm statute provides nine bases by which a court may exercise specific personal jurisdiction over a party. Ohio Rev. Code § 2307.382. Ms. Robinson did not respond to SmartThings's Motion, so the Court is left only with the allegations in her Complaint to determine which (if any) of the nine bases might be implicated here. Assuming all allegations as true, the only plausible basis for personal jurisdiction is that SmartThings "[t]ransact[ed] … business in this state." *Id*. But even after a charitable interpretation of her Complaint, Ms. Robinson has still failed to meet her burden.

"Transacting any business" in Ohio is "a broad statement of jurisdiction," so courts must conduct "a case-by-case determination." *U.S. Sprint Comm'ns Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1052 (Ohio 1994). In *Carpenter v. S. Airways Express*, this Court addressed whether a remote employee's employer

5

is said to have transacted business in Ohio based on its remote employee's physical location in the State. No. 2:21-cv-568, 2021 WL 5937749 (S.D. Ohio Dec. 16, 2021) (Morrison, J.). There, the plaintiff alleged her employer transacted business in Ohio because of a purported "employment agreement" and because her employer directed business-related phone and email communications to her while she was in Ohio. *Id.* at *3. This Court rejected the plaintiff's argument because, as a remote employee, her employer was agnostic as to where she worked. *Id.* Put another way, her employer did not choose to transact business in Ohio – it simply chose to hire her, and she chose to live in Ohio.

Such is the case here. SmartThings hired Ms. Robinson as a remote employee in March 2022. (Compl., ¶ 10.) But Ms. Robinson does not allege that her position was based on her living in Ohio. Nor does she allege that she worked on Ohio-specific matters. Ms. Robinson's remaining allegations focus on SmartThings's allegedly discriminatory actions, not on its relationship with the State of Ohio. On these facts, like *Carpenter*, the Court cannot conclude that SmartThings "transacted business" in Ohio.

SmartThings's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 4) is **GRANTED**.

## III.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Samsung argues both claims against it should be dismissed because it was not Ms. Robinson's employer, it cannot be held liable for SmartThings's actions, and Ms. Robinson failed to exhaust her administrative remedies. (Mot., PAGEID # 47.)

6

## A.    Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Additionally, in reviewing such a motion a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long

7

as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.     Analysis

Ms. Robinson brings two claims against Samsung for race discrimination and retaliation under Ohio Revised Code § 4112.

"Generally, employment discrimination claims under R.C. 4112.02(A) are interpreted in accordance with case law interpreting the analogous federal provision." *Moody v. Ohio Dep't of Mental Health and Addiction Serv's*, 183 N.E.3d 21, 30 (Ohio App. Ct. 2021). And the analogous federal provision, Title VII, "applies only to 'employers.'" *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 852 (6th Cir. 2017) (citation omitted). Under Ohio law, an "employer" means "a person employing four or more persons within [Ohio.]" Ohio Rev. Code § 4112.01(A)(2). An "employee" means an individual employed by an employer. *Id.* § 4112.01(A)(3).

Ms. Robinson states in conclusory fashion that Samsung was her employer and that she was its employee. (Compl., ¶¶ 29–30.) But she only alleges being hired and terminated by SmartThings. (*Id.*, ¶ 31.) She does not allege that she worked directly for Samsung, only that Samsung is the parent company of SmartThings. (*Id.*, ¶ 3.) Yet the allegations giving rise to her discrimination and retaliation claims are related to events that occurred during her employment. So her claims can only be directed at her employer, unless she has shown that Samsung can be held liable for SmartThings's actions.

"[C]ourts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer[.]'" *Swallows v.*

8

*Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997). Those doctrines include: (1) where two entities are so interrelated that they may be considered a single or integrated employer; (2) where a defendant company has control over another company's employees sufficient to show the two companies are a joint employer of those employees; and (3) where the direct employer was acting as an agent of another company (who can then be held liable as the plaintiff's employer). *Id*. But Ms. Robinson has not alleged that any of the three apply here.

As for whether Samsung can be held liable as SmartThings's parent company, Ms. Robinson's Complaint is similarly silent. Under Title VII, the analogous federal provision, to hold a parent company liable for the acts of its subsidiary, "there must be 'sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer.'" *Sow v. Sysco Corp.*, No. 2:23-cv-04125, 2025 WL 962424, at *2 (S.D. Ohio Mar. 31, 2025) (Marbley, J.) (citing *Anwar*, 876 F.3d at 852)). Ms. Robinson has not pleaded any facts to suggest that Samsung and SmartThings are interrelated or that Samsung controls the day-to-day activities of SmartThings's employees. "Without a plausible basis under which [Samsung] could be held liable, [Ms. Robinson's Complaint] should be dismissed against [Samsung] on all counts." *O'Neill v. Scripps Media Inc.*, No. 1:23-cv-410, 2024 WL 836955, at *4 (S.D. Ohio Feb. 28, 2024) (Litkovitz, M.J.).

9

Ms. Robinson has failed to state claims for race discrimination and retaliation against Samsung, so the Court need not decide whether she exhausted her administrative remedies. Samsung's Motion is **GRANTED** and Counts I and II are **DISMISSED**.

## IV.    CONCLUSION

For the above reasons, SmartThings's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 4) is **GRANTED.** Samsung's Motion to Dismiss for Failure to State a Claim (ECF No. 4) is **GRANTED.** Ms. Robinson's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

10